**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

Idalia Valcarcel,

Plaintiff,

v.

Ahold U.S.A., Inc.,

Defendant.

---

1:21-CV-07821 (JSR)

[PROPOSED]
STIPULATED
PROTECTIVE ORDER

JED S. RAKOFF, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order-- shall adhere to the following terms, upon pain of contempt:

1.   Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information

of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.   The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

(a)  previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, sale margins, and pricing information);

(b)  previously nondisclosed material relating to ownership or control of any non-public company;

(c)  previously nondisclosed business plans, product development information, or marketing plans;

(d)  previously nondisclosed and proprietary market and consumer research;

(e)  product formulation information (including without limitation formulas, ingredient specifications, and product specifications);

(f) any information of a personal or intimate nature regarding any individual; or

(g) any other category of information hereinafter givenconfidential status by the Court.

3. Any party who serves a subpoena on a third party requesting the production of documents in this litigation must include a copy of this Protective Order with the subpoena.

4. A party to this action may designate the Confidential portion of Discovery Material produced by a third party as "Confidential" if the Discovery Material contains that party's confidential information as defined in Paragraph 2, by providing written notice to all parties within twenty-one (21) calendar days after receiving such material, and providing a copy of the material clearly labeled, stamped, or otherwise marked "Confidential" with the additional words "as designated by [Party]."

5. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits,the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility

or audibility, and by also producing for future public use
another copy of said Discovery Material with the confidential
information redacted, unless the entire document is
confidential, in which case a redacted version need not be
produced. With respect to deposition transcripts and
exhibits, a producing person or that person's counsel may
designate deposition testimony or portions thereof that
contain Confidential information as "Confidential" by giving
written notice to all counsel of record within fourteen (14)
calendar days after the designating party's receipt of the
transcript, in which case all counsel receiving such notice
shall be responsible for marking the copies of the
designated transcript or portion thereof in their possession
or control as directed by the designating party. Pending
expiration of the fourteen (14) calendar days, the entire
deposition transcript shall be treated as Confidential.

    6.   If at any time prior to the trial of this action,
a producing person realizes that some portion[s] of
Discovery Material that that person previously produced
without limitation should be designated as Confidential, he
may so designate by so apprising all parties in writing, and
such designated portion[s] of the Discovery Material will
thereafter be treated as Confidential under the terms of
this Order.

7.   No person subject to this Order other than the producingperson shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a)  the parties to this action;

(b)  counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)  any witness who counsel for a party in good faith believes may be called to testify at trial or depositionin this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)  any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f)  stenographers engaged to transcribe

depositions conducted in this action; and

(g)  the Court and its support personnel.

8.   Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.   A receiving party may use Confidential Discovery Material produced in connection with this case only for the purpose of prosecuting, defending, or attempting to settle this litigation. A receiving party must not use Confidential Discovery Material produced in this case for any outside purposes, including, without limitation, any outside business or outside commercial purpose.

10.  All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery

Material, shall be filed under seal with the Clerk of the
Court and kept under seal until further order of the Court.
The parties need not request the Court's prior permission to
file Confidential Discovery Material under seal. The parties
will use their best efforts to minimize such sealing. In any
event, any party filing a motion or any other papers with
the Court under seal shall also publicly file a redacted copy
of the same, via the Court's Electronic Case Filing system,
that redacts only the Confidential Discovery Material
itself, and not text that in no material way reveals the
Confidential Discovery Material. A party filing documents
under seal should arrange for courtesy hard copies to be
delivered to Chambers by the next business day following the
filing.

11. Any party who either objects to any designation of
confidentiality, or who, by contrast, requests still further
limits on disclosure (such as "attorneys' eyes only" in
extraordinary circumstances), may at any time prior to the
trial of this action serve upon counsel for the designating
person a written notice stating with particularity the
grounds of the objection or request. If agreement cannot be
reached promptly, counsel for all affected persons will
convene a joint telephone call with the Court to obtain a
ruling.

12.  All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.  The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

13.  Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

14.  If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter. This paragraph shall be interpreted to provide the greatest protection allowed by Federal Rule of Evidence 502, or otherwise permitted by law.

8

15.   If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

16.   Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

17.   As with any information redacted or withheld, the receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

18.   The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

19.   If any person subject to this Protective Order who

has custody of Confidential Discovery Material receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of such material, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the designating party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Discovery Material, and/or seek to obtain confidential treatment of such materials from the subpoenaing person or entity to the fullest extent available under law. Moreover, if the Designating Party timely seeks a protective order from the court that issued the Subpoena or court order, the party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" before a determination by the court from which the subpoena or order issued, unless the party has obtained the Designating Party's permission.

20. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person or destroyed.

21.   This   Court   shall   retain   jurisdiction   over   all persons  subject  to  this  Order  to  the  extent  necessary  to enforce   any   obligations   arising   hereunder   or   to   impose sanctions  for  anycontempt thereof.

**SO STIPULATED AND AGREED.**

| | |
|---|---|
| *<u>/s/ Spencer Sheehan</u>* | *<u>/s/ Tyler Young</u>* |
| SHEEHAN & ASSOCIATES, P.C. | FAEGRE DRINKER BIDDLE & REATH |
| Spencer Sheehan | LLP |
| 60 Cuttermill Rd Ste 409 | Sarah L. Brew (*pro hac vice*) |
| Great Neck, NY 11021 | Tyler A. Young (*pro hac vice*) |
| Tel: (516) 268-7080 | Rory F. Collins (NY Bar No. |
| spencer@spencersheehan.com | 5549670) |
| | Emily R. Zambrana (*pro hac* |
| *Attorney for Plaintiff* | *vice*) |
| | 2200 Wells Fargo Center |
| Dated: December 16, 2021 | 90 South Seventh Street |
| | Minneapolis, MN 55402-3901 |
| | Tel: (612) 766-7000 |
| | Fax: (612) 766-1600 |
| | sarah.brew@faegredrinker.com |
| | tyler.young@faegredrinker.com |
| | rory.collins@faegredrinker.com |
| | emily.zambrana@faegredrinker.c |
| | om |
| | |
| | *Attorneys for Defendant* |
| | *Ahold U.S.A., Inc.* |
| | |
| | Dated: December 16, 2021 |

**SO ORDERED.**

_____
    **JED S. RAKOFF, U.S.D.J.**

**Dated:     New York, New York**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Idalia Valcarcel,

  Plaintiff,                                    1:21-CV-07821 (JSR)

                                    v.          **NON-DISCLOSURE AGREEMENT**

Ahold U.S.A., Inc.,

  Defendants.

I,_____, acknowledge that I have read
and understand the Protective Order in this action governing the
non-disclosure of those portions of Discovery Material that have
been designated as Confidential. I agree that I will not
disclose such Confidential Discovery Material to anyone except as
authorized by this Protective Order and for purposes of this
litigation, and that at the conclusion of the litigation I will
return all discovery information to the party or attorney from
whom I received it. By acknowledging these obligations under the
Protective Order, I understand that I am submitting myself to the
jurisdiction of the United States District Court for the
Southern District of New York for the purpose of any issue or
dispute arising hereunder and that my willful violation of any
term of the Protective Order could subject me to punishment for
contempt of Court.

    Dated: _____              _____